**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| GREG SELNER | |
| Appellant | No. 1628 WDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
in the Court of Common Pleas of Jefferson County Criminal Division
at No(s): CP-33-CR-0000500-2013

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED NOVEMBER 16, 2016**

Appellant, Greg Selner, appeals from the judgment of sentence entered in the Jefferson County Court of Common Pleas following the revocation of his probation. Appellant's counsel ("Counsel") has filed a petition to withdraw and an **Anders**/**Santiago**[1] brief. We affirm and grant Counsel's petition to withdraw.

On January 3, 2014, Appellant originally entered a negotiated plea to one count of receiving stolen property.[2] That same day, the trial court

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] 18 Pa.C.S. § 3925(a). Appellant stole a laptop computer and other items from the home of his son's mother. Aff. of Probable Cause, 6/5/13, at 1. The offense was graded as a first-degree misdemeanor.

imposed an agreed-upon sentence of five years' probation. Sentencing Order, 1/3/14.

According to the Jefferson County Adult Probation Department, Appellant was arrested in Clearfield County on February 15, 2014, for theft by unlawful taking. On May 6, 2014, Appellant was again arrested in Clearfield County for multiple counts of forgery and theft by unlawful taking, as well as one count of receiving stolen property. Appellant pleaded guilty to the Clearfield County charges on April 21, 2015, and the Clearfield County court imposed an aggregate sentence of three to twelve months' imprisonment with a one-year probationary tail.

The Jefferson County Probation Department filed a petition to revoke Appellant's probation on May 18, 2015, based on the new charges in Clearfield County. On June 5, 2015, Counsel entered his appearance on behalf of Appellant. Appellant admitted the probation violation on June 17, 2015, and the trial court ordered a psychiatric evaluation for sentencing.

The trial court conducted a sentencing hearing on September 16, 2015. After reviewing the court-ordered psychiatric evaluation,[3] the court determined that Appellant was a threat to the community and the county lacked adequate resources to address his mental health issues. N.T., 9/16/15, at 6-7. The court revoked Appellant's probation and sentenced him

---

[3] A copy of the psychiatric evaluation was not included in the record transmitted to this Court.

to two to five years' imprisonment in a state correctional facility, to run consecutively to the Clearfield County sentence. *Id.* The court set a RRRI minimum of 18 months and ordered credit for 129 days

On September 30, 2015, Appellant filed a motion to modify the sentence *nunc pro tunc*. The trial court denied the motion "in its entirety" on the following day. Order, 10/1/16. Appellant timely appealed within thirty days of the sentence following revocation and complied with the court's order to submit a Pa.R.A.P. 1925(b) statement. The court filed a responsive Rule 1925(a) opinion suggesting that its sentence was proper.

Appellant's counsel has filed a petition to withdraw and an *Anders/Santiago* brief that identifies the following issue for review:

> Whether the trial court abused its discretion when it revoked Appellant's probation/parole and re-sentenced him to serve a sentence of incarceration in the State Correctional Institution for a minimum of two (2) years to a maximum of five (5) years with credit for time served for [A]ppellant's violation of probation/parole[?]

*Anders/Santiago* Brief at 4. Appellant has not filed an additional brief.

Preliminarily, we must assess whether counsel's petition and brief meet the procedural requirements for seeking leave to withdraw. *Commonwealth v. Zeigler*, 112 A.3d 656, 659 (Pa. Super. 2015). When requesting to leave to withdraw,

> [c]ounsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has

the right to retain private counsel or raise additional arguments [*pro se*] that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

Additionally, our Supreme Court has set forth the following requirements for the brief accompanying counsel's petition to withdraw:

> [C]ounsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Instantly, Counsel has stated that he made a conscientious examination of the record and concluded an appeal is frivolous. ***See*** Mot. to Withdraw, 3/2/16, at 1-2. Counsel has provided a copy of his ***Anders/Santiago*** brief to Appellant and advised him of his rights to raise any additional points in this appeal by proceeding *pro se* or with private counsel. ***See id.*** at 2; Letter from Counsel to Appellant, 3/1/16. Counsel's brief has set forth the reasons for his conclusion that the appeal is frivolous.[4]

---

[4] Counsel explained:

*See Anders/Santiago* Brief at 9. Thus, Counsel has complied with the procedural requirements for seeking withdrawal, and we will review Counsel's assessment that Appellant's intended sentencing claims are frivolous. *See Zeigler*, 112 A.3d at 659.

Counsel outlines five arguments. First, the sentence was "manifestly unreasonable." *Anders/Santiago* Brief at 8. Second, the court's statement of reasons for the sentence imposed was not adequate. *Id.* at 9. Third, Appellant explained that he was not taking his medications when he committed the Clearfield County offenses and needed the money to purchase his medications. *Id.* at 8. Fourth, Appellant averred that he would not pose a threat to the community if he took his medications. *Id.* Fifth, a

---

Counsel . . . disagrees [with Appellant's arguments], and avers that the conviction for new charges justified the sentence imposed.

. . . the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact of the victim and on the community, and the rehabilitative needs of the defendant. . . . .

[42 Pa.C.S. § 9721(b)]

Counsel . . . further avers that the sentence was not manifestly unreasonable given the gravity of the underlying offense and the violations, and the rehabilitative needs of [A]ppellant.

*Anders/Santiago* Brief at 9. Although set forth in boilerplate fashion, we find Counsel's stated reasons are adequate under the circumstances of this appeal.

county sentence would have been sufficient, and the court failed to consider

local alternatives for Appellant's rehabilitation. ***Id.***

It is well settled that

> [c]hallenges to the discretionary aspects of
> sentencing do not entitle an appellant to appellate
> review as of right. Prior to reaching the merits of a
> discretionary sentencing issue:
>
>> [W]e conduct a four part analysis to
>> determine: (1) whether appellant has filed a
>> timely notice of appeal, ***see*** Pa.R.A.P. 902 and
>> 903; (2) whether the issue was properly
>> preserved at sentencing or in a motion to
>> reconsider and modify sentence, ***see***
>> Pa.R.Crim.P. [720]; (3) whether appellant's
>> brief has a fatal defect, Pa.R.A.P. 2119(f); and
>> (4) whether there is a substantial question that
>> the sentence appealed from is not appropriate
>> under the Sentencing Code, 42 Pa.C.S.[ ] §
>> 9781(b).
>
> Objections to the discretionary aspects of a sentence are
> generally waived if they are not raised at the sentencing
> hearing or raised in a motion to modify the sentence
> imposed at that hearing.

***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some

citations and punctuation omitted).

Appellant adequately preserved these issues and arguments at the

sentencing hearing, in his motion to modify *nunc pro tunc*,[5] and in his Rule

---

[5] Although Appellant's motion to modify his sentence was not timely filed, we discern no basis suggesting that the trial court intended to deny his request to accept the motion *nunc pro tunc*.

1925(b) statement.[6]   However, Appellant's bald claims generally do not raise substantial questions warranting further review.  **See Commonwealth v. Haynes**, 125 A.3d 800, 807-08 (Pa. Super. 2015), *appeal denied*, 140 A.3d 12 (Pa. 2016)

In any event, we note that:

> [t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.  An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Swope**, 123 A.3d 333, 340 (Pa. Super. 2015) (citation omitted).

Instantly, the trial court set forth its reasons for the sentence during the following exchange:

> THE COURT: [to Appellant: D]o you wish to make a statement?
>
> [Appellant]: Sir, I wasn't on my meds.  That's a very big deal with someone with mental health issues.  I made bad choices because of that.  I have nobody to blame but myself, but I ask you to look into that, that those things had a huge impact on what I did.  They wouldn't have happen if I would have been on my meds.  I can go times without doing anything.  And it doesn't excuse what I did but explains why it happened.  And I just ask you to give me grace and give me another shot.  I can do this.

---

[6]  Additionally, Counsel included in his **Anders**/**Santiago** brief an abbreviated Pa.R.A.P. 2119(f) statement.

THE COURT: Well, looking at the psychological evaluation, which I went through in detail, actually even before you were brought back, because it was mailed to me when you were on your way back, you're having hallucinations, auditory hallucinations, and psychiatrically hospitalized seven times. Visual hallucinations, things that I wasn't expecting and things that I don't believe our mental health community in the county or in this area has the ability to care for on a local level.

So you did commit new charges. That calls for a total confinement sentence. I am going to revoke your probation and sentence you to no less than—

[Appellant]: Can I say one more thing, sir? My ex-wife passed away in July. I have a daughter who needs me right now, and that has been a problem.

THE COURT: Under your present mental state, you can't care for her. So two to five years consecutive to Clearfield with RRRI eligible at 18 months. And I'm going to recommend in the order that you be placed in a therapeutic community and in the Department of Corrections.

[Appellant]: The state doesn't have the where with all [sic], the care for me either at the jail.

THE COURT: Well, at least they'll keep the community safe, which I cannot ensure. You committed new crimes. You're making your excuses.

[Appellant]: I'm not making excuses, sir.

THE COURT: Yes, you are. Don't say you didn't. That's what you wanted.

N.T. at 5-7.

In its Pa.R.A.P. 1925(a) opinion, the trial court further explained:

As the record reflects, [Appellant] received a new conviction while on probation in Jefferson County, and pursuant to 42 Pa.C.S.[ ] § 9771(c), that fact alone

- 8 -

warranted a sentence of total incarceration. His conviction, however, was not the only relevant consideration.

Aware that [Appellant]'s mental health was an issue, the [c]ourt ordered a psychiatric and psychological evaluation to help it determine the most appropriate sentence in this case, and as Chief Probation Officer [Paul] Ruffner observed, it revealed that [Appellant]'s condition was more severe than anyone had realized—more severe, in fact, than what our local mental health community could adequately treat. By his own admission, it had already led him to commit theft-related offenses other than that for which he was being supervised in this county, though he attempted to mitigate his culpability by claiming that he committed them "because he was in need of money and couldn't afford his medication [and] was not on his medication at the time." He would not have committed them, he claimed, had he been taking his medication.

Even were the [c]ourt to accept that [Appellant]'s then untreated mental illness was to blame for his decisions to commit the offenses underlying his February 15, 2014 and May 6, 2014 arrests, that would not change the fact that our local mental health community's inability to effectively treat his illness would make him a continuing threat to our citizens. Nor would it change the fact that he was more interested in using his diagnosis as an excuse for his criminal conduct than in receiving the treatment that would alleviate his psychiatric symptoms. While [Appellant] would doubtlessly disagree with that assessment, the proof lay in the fact that he clearly used the proceeds of the February arrest for something other than the medication he claimed would have curbed his criminality. The [c]ourt is less than confident, therefore, that he would continue to comply with the limited treatment regimen locally available to him if given the opportunity. Consequently, the [c]ourt is less than confident that the community would be safe were [Appellant] not committed to a facility where he could receive the necessary mental health services or, even if he chose to decline those services, would be unable to further victimize society.

Trial Ct. Op., 12/15/15, at 1-2.

Thus, we agree with Counsel that there is no record support for Appellant's assertion that the trial court's statement of reasons for the sentence was inadequate. Moreover, the trial court expressly found that Appellant was using his mental health condition as an excuse and Jefferson County did not have adequate resources to address Appellant's mental health condition while keeping the community safe. In light of the foregoing, we discern no basis in the record or the law supporting Appellant's request for relief based on an excessive or manifestly unreasonable sentence or an abused its discretion by the trial court.

Accordingly, having reviewed the claims and arguments set forth in Counsel's *Anders*/*Santiago* brief in light of the record, we are constrained to agree that this appeal is frivolous. As our independent review reveals no other non-frivolous issues, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016

- 10 -